IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:10-CV-36-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| $45,935.00 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| ZAID ABDELDAYEM, | ) | |
| | ) | |
| Claimant. | ) | |

This matter is before the court on the government's motion to compel and for extension of time to complete discovery (DE #18). Claimant did not respond to the government's motion within the time permitted for so doing. In this posture, the issues raised are ripe for review. For the reasons that follow, the government's motion is granted.

On July 12, 2010, the government filed its complaint pursuant to 28 U.S.C. § 1355(b) for forfeiture *in rem* of $45,935.00 in United States currency which is alleged to be proceeds of drug trafficking activities. On August 25, 2010, through counsel James Kirshner ("Kirschner"), Ziad Abdeldayem ("claimant") filed a verified claim together with an answer and counterclaim.

On September 14, 2010, the court issued its initial order wherein the court noted that claimant was not in compliance with Local Civil Rule 83.1 where Kirschner was apparently not admitted to practice law in North Carolina and this district, and where there was no association of local counsel. On October 26, 2010, the court, noting continued noncompliance with Local Civil Rule 83.1, directed counsel to show cause why his client's claim should not be dismissed. On

December 9, 2010, Geoffrey Simmons ("Simmons") filed a notice of appearance on behalf of claimant.

On February 3, 2011, the government filed the instant motion to compel and motion for extension of time to complete discovery. In said motion, the government informs that it served claimant, through Kirschner, with its first set of interrogatories and request for production of documents on November 19, 2010. On January 6, 2011, the government advised Simmons as to the lack of response to the discovery requests, and solicited a response. The government informs that Simmons has failed to respond to the government's requests, and that the discovery requested has not been produced by claimant.

Upon its review, the court finds good cause to ALLOW the motion to compel, and ORDERS claimant forthwith and in any event not later than twenty (20) days from date of the entry of this order to comply with the government's discovery requests. Claimant shall make his responses under oath. Additionally, in light of claimant's noncompliance with discovery requests which has delayed proper discovery, the government's request for a sixty-day extension of the discovery period, up to and including April 15, 2011, shall be ALLOWED.

SO ORDERED, this the 17 day of March, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge